

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CA B-02-008 |
| | § | |
| JOSE FRANCISCO PENA, | § | |
|    Petitioner-Defendant | § | |
|    (CR B-00-302) | § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Jose Francisco Pena (hereinafter referred to as Pena) 28 U.S.C. §2255 motion filed on February 20, 2002, by May 13, 2002. The Government received an extension due to the unavailability of court transcripts. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On June 18, 2000, Pena was charged by indictment in the Southern District of Texas, Brownsville Division, with felon in possession of a firearm, in violation Title 18 U.S.C. §§ 922(g)(1) & 924(a)(2). He pled guilty to the indictment on August 31, 2000, pursuant to a written plea agreement which called for the government to recommend a sentence at the low end of the Guideline level he scored. The agreement further noticed Pena that his maximum sentence was 10

years imprisonment and that the sentence imposed would be in accordance with the sentencing Guidelines (DOC 17; PSR 3). Pena also acknowledged that any "estimate" of his probable sentencing range received from his attorney was only a prediction and not binding on the Court. At his rearraignment Pena was admonished by the district court and Pena acknowledged that his maximum sentence was 10 years imprisonment; that his sentence would be determined by the application of the Sentencing Guidelines; that the written plea agreement represented the totality of his agreement with the government; and that any sentencing recommendation is not binding on the court (Rearr. Trans. P. 15, 17-21).

The probation department scored the instant offense at base offense level 24, with a four-level Specific Offense increase by virtue of his possession of the firearm in connection with another felony offense and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense level score of twenty-five (25) (PSR 21). His criminal history placed him in criminal history category V (PSR 35).

On December 11, 2000, at sentencing, the district court denied his objections, adopted the PSR as written, and sentenced Pena to one hundred (100) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered January 10, 2001 (DOC 24). The judgement was therefore final on January 20, 2001. *U.S. v. Gamble*, 208 F.3d 536, 536 (5th Cir.

1999).

Pena did not file Notice of Direct Appeal. On January 14, 2002, Pena filed the subject motion.

III.

The pleading is timely. 28 U.S.C. §2255.

IV.

The Government denies each and every allegation of fact made by Pena except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

## ALLEGATIONS

Pena alleges his constitutional rights were violated in four regards:

A. His plea of guilty was rendered "involuntary" as his 100 month sentence exceeded the 60 months he had been promised pre plea.

B. His conviction is a violation of the "double jeopardy" clause of the constitution as it represents the second prosecution arising from the same arrest and was improperly "enhanced" by application of his criminal history of DWIs.

C. His counsel provided constitutionally "ineffective assistance" by doing no more than objecting to the court's "refusal" to honor the plea agreement.

VI.

## PENA'S BURDEN

Pena' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for

§2255 and requiring "cause and prejudice" standard). Pena must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. Pena asserts that the reason he failed to bring these complaints earlier was due to his lack of "command of the English language, his ignorance of the law and the fact that he didn't understand what was "taking place", or his rights. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1)

interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Pena was his language barrier and ignorance of the law and of the proceedings.

Pena's claimed debilities fail to sustain Pena's burden to demonstrate cause for failure to bring the issue on direct appeal.

Pena alleges that he suffered "prejudice" as a result, in that his plea was rendered "involuntary", his conviction and sentence each represents a "double jeopardy" violation, and his counsel's "ineffective assistance" indirectly caused him a greater sentence than he would otherwise have received. An "involuntary" plea presupposes that he would not have plead guilty had he known he could receive in excess of 60 months imprisonment.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Pena does not allege he is innocent. He, therefore, fails the "prejudice" prong of

his "cause and prejudice" burden.

A.   INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG

   1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples*, 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Pena must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Pena fails in both regards.

To prevail on his claims, Pena must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

   a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Pena must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

   b. <u>Sentencing errors</u>

In the context of sentencing errors, the petitioner must show that he was

prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Pena demonstrates that his counsel provided constitutionally infirm representation, Pena must also demonstrate prejudice. Although Pena need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

B.  PENA'S INEFFECTIVE ASSISTANCE CLAIM

Pena's "ineffective assistance" claims are premised on an unsupported or incorrect claim.

1. A Promised and Bargained for 60 Month Sentence

The record belies Pena's claim that he was promised a sixty-month sentence, and that said promise was contained within the plea agreement. The transcript of his rearraignment clearly evidences that Pena acknowledged under

oath that he was facing a maximum sentence of 10 years; that his sentence would be determined by the application of the Sentencing Guidelines; that the written plea agreement represented the totality of his agreement with the government; and that any sentencing recommendation is not binding on the court (Rearr. Trans. P. 17-21). Pena's written plea agreement called for a recommendation simply that he be sentenced at the low end of the Guideline level he scored; 60 months was never mentioned. Pena's plea agreement cautioned Pena that any sentencing estimate by counsel was merely a prediction, which neither bound the sentencing court nor provided grounds to withdraw his plea. When given an opportunity to speak at sentencing Pena never suggested he was expecting a 60 month sentence.

    2.    <u>Counsel's failure to do more than object to the sentencing court's "refusal" to follow the plea agreement was neither objectively unreasonable nor did it result in an increased sentence.</u>

As discussed above, Pena's belief that his plea agreement promised him a 60 month sentence is contrary to the record. The plea agreement simply called for a recommended sentence at the low end of the Guideline level he scored (DOC 17; Sent. Trans. P. 8). Counsel for Pena reminded the court of the agreement at sentencing and further requested Pena's sentence be ordered to run concurrently with his state sentences (Sent. Trans. 8). The district court went along with the plea agreement and with counsel's recommendation and sentenced Pena at the low end of the Guideline level he scored and ordered that his sentence run concurrently to the two state sentences he received (DOC 24).

As the premises upon which Pena's instant complaint is based has no factual

support, Pena's counsel's performance can not be shown to be deficient under *Strickland*. As Pena has failed to demonstrate his plea agreement promised him a 60 month sentence, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Pena does not allege he is innocent. He therefore fails the 'miscarriage of justice' test.

## VII.

## SUBSTANTIVE CLAIMS

A. Substantive involuntary plea claim

    1. Legal Principles Governing Involuntary Plea.

Pena alleges his plea of guilty was involuntary. Pena claims (inferentially) that, had he known that the court could sentence him in excess of the 60 month "promised" sentence, he would not have plead guilty.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142-44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with Id. §173, 171-73(stating that a plea is not knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term").

*United States v. Hernandez*, 234 F.3d 252, 254-255 (5th Cir. 2000). To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur. See *Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir. 1967), *cert. denied*, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967).

During the plea proceedings, the U.S. District Judge found Pena fully understood the charges against him and his constitutional and statutory rights that his plea was made freely and voluntarily (Rearr. Trans. P. 27, 28). The record, thus, demonstrates that Pena entered his plea voluntarily and that his contention that his plea was not voluntary does not entitle him to §2255 relief. *United States v. Drummond*, 910 F.2d 284, 285-286 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See *Diggs v. United States*, 447 F.2d 460 (5th Cir. 1971).

Again Pena's claim is premised upon a false belief. The record refutes that Pena was ever promised a 60 month sentence or that his plea agreement promised a 60 month sentence. A mere understanding that a defendant would receive a lesser sentence in exchange for a guilty plea does not abrogate that plea should a heavier sentence actually be imposed. *DeVille v. Whitley*, 21 F.3d 654, 658 (5th

Cir. 1994) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). To prevail on a claim that a plea was induced by an attorney's advice to plead guilty with the understanding that a lenient sentence would be imposed pursuant to a government recommendation, a petitioner must prove (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of any eyewitnesses to the promise. *Id.* (citing *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986)). Pena has failed in this burden. Pena was not promised a specific sentence and he attested to this fact at his re-arraignment. Accordingly, his assertion that he was promised such a sentence is wholly without merit.

As such misperception forms the sole basis for Pena's claim his plea was uninformed and involuntary, such claim fails. The record additionally fails to support Pena's (inferential) claim that he would not otherwise have pled guilty. *U.S. v. Tezak*, 256 F.3d 702, 712 (7th Cir. 2001).

B.   <u>Pena's conviction and sentence violate the double jeopardy clause.</u>

   1.   <u>Legal Principles Governing claim</u>

Here, Pena complains that multiple prosecutions arising from the same arrest violates "double jeopardy". Following Pena's arrest, he was prosecuted in the state for drug violations and in federal court for the instant gun violation. Pena neither cites, nor can the undersigned find, any legal support for Pena's assertion. In fact, Pena could have been lawfully prosecuted in both venues for both the drug and gun violations. Expressed succinctly: prosecution by two separate sovereigns for the same act does not represent a "double jeopardy" violation. *U.S. v. Harrison*,

918 F.2d 469, 474 (5th Cir. 1990), *Tezak*, 256 F.3d at 714, *U.S. v. LZ*, 111 F.3d 78, 79 (8th Cir. 1997).

    2.    <u>The use of Pena's prior convictions for DWI to "enhance" his sentence under §4A1.1 represents unconstitutional "double jeopardy".</u>

Pena argues that, as he's already been punished for his prior convictions for DWI, the use of such priors to increase his sentence under §4A1.1 represents a "double jeopardy" violation.

Again, Pena is mistaken. The assessment of 'criminal history' points and resultant increased sentence does not offend the "double jeopardy" clause. *Witte v. U.S.*, 515 U.S. 389, 403, 115 S.Ct. 2199, 2208 (1995).

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Pena's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

                                       Respectfully submitted,

                                       MICHAEL T. SHELBY
                                       United States Attorney

                                       Mark M. Dowd
                                       Assistant U.S. Attorney
                                       600 E. Harrison, # 201
                                       Brownsville, Texas 78520
                                       Texas Bar No. 06070500
                                       Federal I.D. No. 9314
                                       (956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Jose Francisco Pena, No. 1036054, Garza West Unit, P.O. Box 995, Beeville, Texas, 78102 on this the 13 day of May, 2002.

MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff<br><br>vs.<br><br>JOSE FRANCISCO PENA,<br>    Petitioner-Defendant<br>    (CR B-00-302) | §<br>§<br>§<br>§   CA B-02-008<br>§<br>§<br>§<br>§ |

## RECOMMENDED ORDER

The Court, having considered Pena's motion to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted.

Pena has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his claim on direct appeal. Pena fails to demonstrate any prejudice as a result of the complained of deficiencies or his actual innocence. Pena fails to show his attorney's performance was deficient or that he suffered any prejudice therefrom. Pena fails to demonstrate his plea was involuntary or that his conviction or sentence offend the "double jeopardy" clause. Even if the merits were reached, the record refutes the substance of each of his claims.

Therefore, Pena's motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2002 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE