**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**MAY 1 5 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE FRANCISCO PENA | * | |
| | * | |
| v. | * | CIVIL ACTION No. B-02-008 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| (CRIMINAL NO. B-00-302) | * | |

**MOTION TO SUPPLEMENT GOVERNMENT'S ANSWER, MOTION FOR
DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. §2255, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(OPPOSITION UNKNOWN)**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through Michael T. Shelby, United States Attorney

for the Southern District of Texas, hereby supplements the Government's Answer, Motion for

Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for

Summary Judgment filed May 13, 2002 by filing the original transcripts of the re-arraignment and

sentencing proceeding related to the Petitioner's criminal case as ordered by the Court in its Order

filed March 14, 2002.

**STATEMENT OF CONSULTATION**

Because the Petitioner is currently incarcerated, the Government does not have a phone

number to contact him; therefore, Petitioner's position as to the filing of this motion is unknown.

WHEREFORE, PREMISES CONSIDERED, the United States of America prays that this

Honorable Court grant its Motion to Supplement Government's Answer, Motion for Dismissal

Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary

Judgment (Opposition Unknown).

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

MARK M. DOWD
Assistant United States Attorney
600 E. Harrison St., #201
Brownsville, Texas 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 06070500
Federal I.D. No. 9314

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Supplement Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment (Opposition Unknown) was mailed to Jose Francisco Pena (1036054), Garza West Unit, P.O. Box 995, Beeville, TX 78102 via First Class Mail on this the /5 day of MAY, 2002.

MARK M. DOWD
Assistant United States Attorney

1                    IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
2                        BROWNSVILLE DIVISION

3    _____
                                              )
4    UNITED STATES OF AMERICA                 )
                                              ) CRIMINAL ACTION NO.
5    VS.                                      ) B-00-302
                                              )
6    JOSE FRANCISCO PENA                      )
     _____ )
7

8

9                       RE-ARRAIGNMENT PROCEEDINGS
                     BEFORE THE HONORABLE HILDA G. TAGLE
10                           AUGUST 31, 2000

11   APPEARANCES:

12   For the Government:          MR. JOSE "JOE" ESQUIVEL
                                  Assistant United States Attorney
13                                Brownsville, Texas

14   For the Defendant:           MRS. SANDRA ZAMORA-ZAYAS
                                  Assistant Federal Public Defender
15                                Brownsville, Texas

16   Transcribed by:              BRECK C. RECORD
                                  Official Court Reporter
17                                600 E. Harrison, Box 16
                                  Brownsville, Texas  78520
18                                (956)548-2510

19

20

21

22                                               RECEIVED
                                                 MAY 10 2002
23                                          US ATTORNEYS OFFICE
                                               BROWNSVILLE, TX
24

25

GOVERNMENT
EXHIBIT
"A"

Captured and Transcribed by Computer - Eclipse

1          THE COURT:  00-CR-302-01, the United States of America

2    versus Jose Francisco Pena.  What says the Government?

3          AUSA ESQUIVEL:  Joe Esquivel for the Government, Your

4    Honor, present and ready.

5          THE COURT:  What says the Defendant?

6          AFPD ZAMORA-ZAYAS:  Sandra Zamora-Zayas for the

7    Defendant, Your Honor.  That will be a guilty plea and plea

8    papers have been signed.

9       (At this time other cases were called at which time the

10       following occurred, to wit:)

11          THE COURT:  All right.  For those of you who are

12    entering the plea or you are going to be re-arraigned today,

13    please raise your right hand so that you may be sworn.

14       (Defendants sworn.)

15          THE COURT:  Please lower your hands.  I'm going to ask

16    each one of you to tell me what your name is.

17       What is your name, sir?

18          THE DEFENDANT:  Jesus Eduardo Treviño-Cardenas.

19          THE COURT:  Sir -- Treviño-Cardenas, and which one of

20    those names is your father's name?

21          THE DEFENDANT:  Treviño.

22          THE COURT:  All right, sir.  You've been sworn just now?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And do you understand that you have a right

25    to have your case taken up individually?

Captured and Transcribed by Computer - Eclipse

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are you saying that by being here today that

3     you agree that your case can be taken up with the other ones

4     that are before The Court this afternoon?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  And, Mr. DeCoss, tell me whether

7     there's a written plea agreement in this case.

8          MR. DECOSS:  There is a written plea agreement, Your

9     Honor.

10          THE COURT:  What is your name, sir?

11          THE DEFENDANT:  Jose Gabriel Ortiz-Ramirez.

12          THE COURT:  Have you just now been sworn?

13          THE DEFENDANT:  Yes.

14          THE COURT:  All right.  And do you understand that you

15     have a right to have your case taken up individually?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And are you saying that it is okay with you,

18     that you agree that your case can be taken up with the others

19     that are before The Court this afternoon?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And, Mr. Gomez, is there a written plea

22     agreement?

23          MR. GOMEZ:  No.

24          THE COURT:  Is there an agreement at all?

25          MR. GOMEZ:  No, Your Honor.

1                THE COURT:  All right.  And, sir, what is your name?

2                THE DEFENDANT:  Pablo Galvan-Juarez.

3                THE COURT:  And have you just now been sworn?

4                THE DEFENDANT:  Yes.

5                THE COURT:  And do you understand you have a right to

6      have your case taken up individually?

7                THE DEFENDANT:  Yes.

8                THE COURT:  And are you saying that you are giving

9      permission to proceed with the other cases that are before The

10     Court this afternoon?

11               THE DEFENDANT:  Yes.

12               THE COURT:  All right.  And, Mrs. Zayas, is there an

13     agreement at all between yourself and -- between the Defendant

14     and the Government on this plea?

15               MRS. ZAMORA-ZAYAS:  No, Your Honor.

16               THE COURT:  What is your name, sir?

17               THE DEFENDANT:  Jose Francisco-Pena.

18               THE COURT:  And have you just now been sworn?

19               THE DEFENDANT:  Yes, ma'am.

20               THE COURT:  And do you understand you have a right to

21     have your case taken up individually?

22               THE DEFENDANT:  Yes, ma'am.

23               THE COURT:  Are you in agreement that it can be taken up

24     with the others before The Court this afternoon?

25               THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All right.  And, Mrs. Zayas, do you

2     represent the Defendant then?

3          MRS. ZAMORA-ZAYAS:  Yes, Your Honor, and it was a

4     written plea agreement, Your Honor.

5          THE COURT:  All right.  Sir, what is your name?

6          THE DEFENDANT:  Michael Jan Bohannan.

7          THE COURT:  Would you spell your last name?

8          THE DEFENDANT:  B-O-H-A-N-N-A-N.

9          THE COURT:  All right, sir.  Have you just now been

10    sworn as well?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Are you -- you understand that you have a

13    right to have your case taken up individually?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Are you in agreement that it can be taken up

16    with the others that are before The Court this afternoon?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  And, Ms. Kitchen, there is a written plea

19    agreement?

20         MS. KITCHEN:  Yes, there is, Your Honor.

21         THE COURT:  Thank you.  Then I'm going to ask questions

22    of you and when I indicate to you by looking at you that I'm

23    asking you to respond, please do that and wait until the person

24    who has responded right before you to complete his answer before

25    you say anything because it'll be clearer on the record once --

```
 1    than if you start talking at the same time.

 2        All right.  You've been placed under oath and if you answer

 3    any of my questions falsely, your answers may be used against

 4    you in another prosecution for perjury for making a false

 5    statement.  Do you understand that?

 6            THE DEFENDANT:  Yes, Your Honor.

 7            THE DEFENDANT:  Yes.

 8            THE DEFENDANT:  Yes.

 9            THE DEFENDANT:  Yes, ma'am.

10            THE DEFENDANT:  Yes.

11            THE COURT:  All Defendants have answered in the

12    affirmative.

13        If at any time you do not understand a question that I have

14    asked or an explanation that I have given, please tell me and I

15    will repeat it or explain it to you.  Do you understand that?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE DEFENDANT:  Yes.

18            THE DEFENDANT:  Yes.

19            THE DEFENDANT:  Yes, ma'am.

20            THE DEFENDANT:  Yes.

21            THE COURT:  All Defendants have answered in the

22    affirmative.

23        If at any time you want to stop the proceedings to confer

24    privately with your attorney, let me know and you will be

25    permitted to do so.  Do you understand that?
```

```
 1              THE DEFENDANT:  Yes, Your Honor.

 2              THE DEFENDANT:  Yes.

 3              THE DEFENDANT:  Yes.

 4              THE DEFENDANT:  Yes, ma'am.

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  All Defendants have answered in the

 7     affirmative.

 8          (At this time The Court asked specific questions of the

 9          other defendants at which time the following occurred:)

10              THE COURT:  All right, sir.  What is your complete legal

11     name?

12              THE DEFENDANT:  Jose Gabriel Ortiz-Ramirez.

13              THE COURT:  Have you ever been known by any other name?

14              THE DEFENDANT:  Yes.

15              THE COURT:  What?

16              THE DEFENDANT:  Well, I don't recall the name right now.

17              THE COURT:  Is Francisco Captan one of the names that

18     you have used?

19              THE DEFENDANT:  I do think so.  The truth of the matter

20     is I don't really recall because most of the times when I gave

21     other names I was drunk or out of it.

22              THE COURT:  All right.  Then what is your date of birth?

23              THE DEFENDANT:  4/22/62.

24              THE COURT:  And that makes you how old right now?

25              THE DEFENDANT:  38 years old.
```

1            THE COURT:  How far did you go in school?

2            THE DEFENDANT:  Third year of secondary.

3            THE COURT:  Where did you go to school?

4            THE DEFENDANT:  Lima, Peru.

5            THE COURT:  Are you able to read, write or speak or

6    understand English?

7            THE DEFENDANT:  Not very well.

8            THE COURT:  Have you ever been treated for any mental

9    illness or addiction to drugs of any kind?

10           THE DEFENDANT:  No, I've never been treated for

11   anything.

12           THE COURT:  Sir?

13           THE DEFENDANT:  Would you repeat the question again?

14           THE COURT:  Have you ever been treated for any mental

15   illness or addiction to drugs of any kind?

16           THE DEFENDANT:  Well, a short while ago I did suffer

17   from a problem.  I was suffering from depression and I slashed

18   my wrists.

19           THE COURT:  All right.  But are you being treated by a

20   psychiatrist right now?

21           THE DEFENDANT:  No.

22           THE COURT:  And, in other words, when you said you were

23   suffering from depression, were you treated by a psychiatrist

24   and given medication?

25           THE DEFENDANT:  No.

1          THE COURT:  All right.  Are you -- do you understand

2     what's going on here today?

3          THE DEFENDANT:  Yes.  In other words, I want to say that

4     I came into this country illegally.

5          THE COURT:  Well, I just want to make sure that you are

6     thinking clearly enough to where you understand what's happening

7     in these proceedings this afternoon.

8          THE DEFENDANT:  Yes.

9          THE COURT:  And that you -- when you discuss things with

10    your attorney that he's been able to explain things to you to

11    where you understand what's going to be happening this

12    afternoon.

13         THE DEFENDANT:  Yes.

14         THE COURT:  All right.  So whatever depression you were

15    suffering -- are you suffering from anything like that right

16    now?

17         THE DEFENDANT:  What do you mean?

18         THE COURT:  All right.  Are you suffering from

19    depression right now?  I mean, other than just not being happy

20    about being in jail, but depression from -- like you were

21    suffering before when you said that you attempted to commit

22    suicide.

23         THE DEFENDANT:  Yes, yes.  I'm really suffering from

24    depression right now because at this moment I'm really coming to

25    realize that I won't be able to return ever again to the United

1    States.  And I have two children, twins, my mother who's sick,

2    and all my family, they're all here.  In Peru I don't have

3    anyone there.  And I know I'm going to have to return there and

4    I'll never see my family again.

5           THE COURT:  Well, I want to know whether there's any

6    kind of a mental illness or addiction to drugs that is

7    interfering with your ability to comprehend what's going on

8    today.

9           THE DEFENDANT:  No.  I know what's happening.

10          THE COURT:  All right.  What about you, sir?  Have you

11    been treated for any mental illness or addiction to drugs of any

12    kind?

13          THE DEFENDANT:  No.

14          THE DEFENDANT:  No, ma'am.

15          THE COURT:  Sir?

16          THE DEFENDANT:  No, ma'am.

17          THE COURT:  You'll have to speak up.

18          THE DEFENDANT:  No, ma'am.

19          THE COURT:  Okay.  Then have you taken any drugs,

20    medicine or intoxicants within the last 24 hours?

21          THE DEFENDANT:  No, Your Honor.

22          THE DEFENDANT:  I took a sleeping pill yesterday

23    evening.

24          THE COURT:  Were you able to wake up okay so where you

25    were not feeling any effects of the drug this morning or today?

1    THE DEFENDANT:  I woke up sick but they told me I had to

2    come to court and I came to court.

3    THE COURT:  Okay.  Is the medication still influencing

4    your -- you this afternoon or are you able to be alert and awake

5    enough to understand what's going on?

6    THE DEFENDANT:  Yes.

7    THE COURT:  What about you, sir?  Are you under the -- I

8    mean, have you taken any drugs, medicine or intoxicants in the

9    last 24 hours?

10    THE DEFENDANT:  I've just taken pills for high blood

11    pressure right now, but I'm fine.

12    THE DEFENDANT:  No, ma'am.

13    THE DEFENDANT:  No, ma'am.

14    THE COURT:  All right.  Now, have you received a copy of

15    the indictment in the case that is pending against you, that is,

16    the written charges or accusations the Government has brought

17    against you?

18    THE DEFENDANT:  Yes, Your Honor.

19    THE DEFENDANT:  Yes.

20    THE DEFENDANT:  Yes.

21    THE DEFENDANT:  Yes, ma'am.

22    THE DEFENDANT:  Yes.

23    THE COURT:  All Defendants have answered in the

24    affirmative.

25    And have you fully discussed those charges and this case in

1   general with your attorney?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE DEFENDANT:  Yes.

4           THE DEFENDANT:  Yes.

5           THE DEFENDANT:  Yes, ma'am.

6           THE COURT:  All Defendants have answered in the

7   affirmative.

8       And have you answered any questions about those charges in

9   this case and received -- in this case and received answers that

10  you've been able to understand?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE DEFENDANT:  Yes.

13          THE DEFENDANT:  Yes.

14          THE DEFENDANT:  Yes, ma'am.

15          THE DEFENDANT:  Yes.

16          THE COURT:  All Defendants have answered in the

17  affirmative.

18      And has your attorney -- are you fully satisfied with the

19  explanations that your attorney has given you and the advice --

20  well, he or she has given you, as well as the explanations that

21  you've been given about the charges pending against you?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE DEFENDANT:  Yes.

24          THE DEFENDANT:  Yes.

25          THE DEFENDANT:  Yes, ma'am.

1       THE DEFENDANT:  Yes, ma'am.

2       THE COURT:  All Defendants have answered in the

3  affirmative.

4       (At this time The Court asked specific questions of the

5       other defendants at which time the following occurred:)

6       THE COURT:  In 00-302, Mr. Pena, you're charged with one

7  count with being a felon in possession of a firearm; is that

8  correct?  Is that what you understood to be the charge against

9  you?

10      THE DEFENDANT:  Yes, ma'am.

11      THE COURT:  Mr. Esquivel, if you will read the

12  indictment.

13      AUSA ESQUIVEL:  Yes, Your Honor.  United States District

14  Court, Southern District of Texas, Brownsville Division, United

15  States of America versus Jose Francisco Pena.  Criminal No.

16  B-00-302.  The grand jury charges:  On or about January 14th,

17  2000, in the Southern District of Texas and within the

18  jurisdiction of The Court, the Defendant, Jose Francisco Pena,

19  having been convicted on January 13th, 1997, in 103rd District

20  Court, Cameron County, Texas, of the felony offense of driving

21  while intoxicated, a crime punishable by imprisonment for a term

22  exceeding one year, did knowingly possession in and affecting

23  commerce, a firearm, namely a New England firearms, Model

24  Pardner SB1, 410 caliber shotgun, Serial No. NF282415.

25      In violation of Title 18, United States Code, Section

1    922(g)(1) and 924(a)(2).  Signed a true bill, foreperson of the

2    grand jury.

3        Mr. Jose Francisco Pena, did you understand the indictment

4    as read to you, sir?

5            THE DEFENDANT:  Yes.

6            AUSA ESQUIVEL:  How do you plead, sir, guilty or not

7    guilty?

8            THE DEFENDANT:  Guilty.

9        (At this time The Court asked specific questions of the

10        other defendants at which time the following occurred:)

11            THE COURT:  All right then.  You understand that you can

12    be found guilty of the offense that you're indicating you're

13    pleading guilty to in only one of two ways, either by pleading

14    guilty and having The Court accept your plea or being convicted

15    at a trial?  Do you understand that?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE DEFENDANT:  Yes.

18            THE DEFENDANT:  Yes.

19            THE DEFENDANT:  Yes, ma'am.

20            THE DEFENDANT:  Yes, ma'am.

21            THE COURT:  All Defendants have answered in the

22    affirmative.

23        (At this time The Court asked specific questions of the

24        other defendants at which time the following occurred:)

25            THE COURT:  Mr. Pena, in your case, the law provides for

Captured and Transcribed by Computer - Eclipse

1   a maximum term of imprisonment of 10 years, did you understand

2   that?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  And furthermore, the law provides for a fine

5   of up to $250,000, did you understand that?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  And upon release from imprisonment, the law

8   provides for a term of supervised release not greater than three

9   years, did you understand at that?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  And so, do you understand that any time that

12  you were to violate any condition of supervised release, you

13  could be revoked and be sent back to prison, did you understand

14  that?

15          THE DEFENDANT:  Yes, ma'am.

16      (At this time The Court asked specific questions of the

17      other defendants at which time the following occurred:)

18          THE COURT:  Do you further understand that in addition

19  to any fine that you are obligated to pay a $100 assessment to a

20  crime fund.  Did you understand that?  You understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE DEFENDANT:  Yes.

23          THE DEFENDANT:  Yes.

24          THE DEFENDANT:  Yes, ma'am.

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  All Defendants have answered in the

2     affirmative.

3          And parole has been abolished and if you're sentenced to

4     prison, you would not be released early on parole.  Did you

5     understand that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE DEFENDANT:  Yes.

8          THE DEFENDANT:  Yes.

9          THE DEFENDANT:  Yes, ma'am.

10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  All Defendants have answered in the

12    affirmative.

13         (At this time The Court asked specific questions of the

14         other defendants at which time the following occurred:)

15         THE COURT:  Mr. Pena, are you a citizen of the United

16    States?

17         THE DEFENDANT:  Yes, ma'am.

18         (At this time The Court asked specific questions of the

19         other defendants at which time the following occurred:)

20         THE COURT:  Now Mr. Pena and Mr. Bohannan, because this

21    charge is a felony, do you understand that a conviction may have

22    the additional consequences of depriving you of certain civil

23    rights, such as the right to vote, the right to hold public

24    office, the right to serve on a jury, and the right to possess

25    any kind of firearm.

1          Mr. Pena, do you understand that?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Mr. Bohannan?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  All right.  And I'm going to ask those of

6      you who have written a plea agreement about this document.

7              (At this time The Court asked specific questions of the

8              other defendants with plea agreements at which time the

9              following occurred:)

10             THE COURT:  All right.  And now I'll ask Mr. Pena.  I'll

11     show you the document that contains, first of all, a fact

12     summary sheet.  Is that your signature?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  And the documents attached to it is a plea

15     agreement consisting of 10 pages.  Is this your signature on

16     Page 8 of this document?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  And on Page 9 of this document?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  All right.

21             (At this time The Court asked specific questions of the

22             other defendants at which time the following occurred:)

23             THE COURT:  Mr. Pena, in 00-CR-302, before you signed

24     this document, did you discuss it with your attorney?

25             THE DEFENDANT:  Yes, ma'am.

_____

Captured and Transcribed by Computer - Eclipse

1          THE COURT:  If you had questions about the document, was

2     she able to answer your questions in a way that you were able to

3     understand before you signed them?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  What is the agreement with the Government?

6          AUSA ESQUIVEL:  Yes, Your Honor.  In exchange for

7     defendant's plea in the indictment, the Government is going to

8     recommend that he receive acceptance of responsibility and be

9     sentence at the low end of the guidelines.

10          THE COURT:  Mrs. Zayas, will you confirm that that's

11    what you discussed with your client?

12          AFPD ZAMORA-ZAYAS:  That's correct, Your Honor.

13          THE COURT:  Mr. Pena, did you understand that that's

14    what the agreement was?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  So was there anything about that that

17    confused you or that you were not sure about?

18          THE DEFENDANT:  No, ma'am.  That's fine.

19          THE COURT:  All right then.

20        (At this time The Court asked specific questions of the

21         other defendants at which time the following occurred:)

22          THE COURT:  So, do you understand that any

23    recommendation that the Government makes is not binding on The

24    Court.  Mr. Treviño, do you understand that?

25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Mr. Pena?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  Mr. Bohannan?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  So, if I don't follow the Government's

6    recommendation, do you understand that you can't withdraw your

7    plea of guilty if you're not happy with the sentence that you

8    get, do you understand that?  Mr. Treviño?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Mr. Pena?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  Mr. Bohannan?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  All right.  So, do each of you understand

15    that once The Court -- if The Court accepts your plea and finds

16    you guilty that The Court is going to order a preparation of a

17    presentence report that is going to investigate your background

18    including your -- the facts of the case that you've been found

19    guilty of and relevant and related conduct as well as any

20    criminal history, employment history and any chemical dependency

21    problems that you might have had in the past?  Do you understand

22    that?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE DEFENDANT:  Yes.

25          THE DEFENDANT:  Yes.

Captured and Transcribed by Computer - Eclipse

1          THE DEFENDANT:  Yes, ma'am.

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  All Defendants have answered in the

4     affirmative.

5     And have you discussed with your attorney that the

6     sentencing guidelines as they apply to you are going to be

7     determined as a result of the report that I just told you about,

8     this presentence report?  Did you understand that,

9     Mr. Treviño --or all of you?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE DEFENDANT:  Yes.

12          THE DEFENDANT:  Yes.

13          THE DEFENDANT:  Yes, ma'am.

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  All Defendants have answered in the

16     affirmative.

17     And so if The Court finds that certain special facts or

18     certain laws or rules apply in your case, that The Court is

19     authorized to sentence you above or below the guideline range in

20     which you scored, but in no event can the punishment be greater

21     than the maximum authorized by law?  Do you understand that,

22     Mr. Treviño?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Mr. Ortiz?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Mr.Galvan?

2          THE DEFENDANT:  Yes.

3          THE DEFENDANT:  Yes, ma'am.

4          THE DEFENDANT:  Yes.

5          THE COURT:  All right.  And I'll ask you now whether you

6    have been made any promises by the Government that I have not

7    been told about here in court?

8          THE DEFENDANT:  No.  They haven't made me any promise

9    that has not been told to me to Your Honor here in court.

10         THE COURT:  Did you understand?

11         THE DEFENDANT:  Would you repeat?

12         THE COURT:  All right.  Mr. Ortiz, what I want to know

13   is have you been made a promise by the Government.  Has some

14   agent of the Government or a prosecutor or somebody representing

15   the prosecution made a promise to you about this case in

16   connection with your plea that I have not been told about here

17   in court?

18         THE DEFENDANT:  No, they haven't made any promises to

19   me.

20         THE COURT:  Mr. Galvan?

21         THE DEFENDANT:  No.

22         THE COURT:  Mr. Trevino?

23         THE DEFENDANT:  No.

24         THE COURT:  Sir?

25         THE DEFENDANT:  No, ma'am.

```
 1            THE COURT:  All right.  Have you made any promise to any

 2    agents of the Government or the prosecution in connection with

 3    this case that I have not been told about?

 4            THE DEFENDANT:  No, I haven't made any promises to them

 5    either.  No.

 6            THE DEFENDANT:  No.

 7            THE DEFENDANT:  No.

 8            THE DEFENDANT:  No, ma'am.

 9            THE DEFENDANT:  No, ma'am.

10            THE COURT:  All Defendants have answered in the

11    negative.

12        And so do you understand that by pleading guilty today you

13    gave up your right to a speedy trial before a jury?

14            THE DEFENDANT:  Yes, I do understand.

15            THE DEFENDANT:  Yes.

16            THE DEFENDANT:  Yes.

17            THE DEFENDANT:  Yes, ma'am.

18            THE DEFENDANT:  Yes, ma'am.

19            THE COURT:  All Defendants have answered in the

20    affirmative.

21        And at a trial you would be presumed to be innocent and

22    could not be found guilty by a jury unless your guilt is proven

23    beyond a reasonable doubt.  Do you understand that?

24            THE DEFENDANT:  Yes, Your Honor.

25            THE DEFENDANT:  Yes.
```

1              THE DEFENDANT:   Yes.

2              THE DEFENDANT:   Yes.

3              THE DEFENDANT:   Yes, ma'am.

4              THE COURT:   All Defendants have answered in the

5     affirmative.

6          And at a trial the Government would be required to present

7     witnesses against you in open court and your attorney would be

8     permitted to ask them questions.   Do you understand that?

9              THE DEFENDANT:   Yes, Your Honor.

10              THE DEFENDANT:   Yes.

11              THE DEFENDANT:   Yes.

12              THE DEFENDANT:   Yes, ma'am.

13              THE DEFENDANT:   Yes, ma'am.

14              THE COURT:   All Defendants have answered in the

15     affirmative.

16          And you would also be able to present witnesses on your own

17     behalf so your attorney could ask them questions.   Do you

18     understand that?

19              THE DEFENDANT:   Yes, Your Honor.

20              THE DEFENDANT:   Yes.

21              THE DEFENDANT:   Yes.

22              THE DEFENDANT:   Yes.

23              THE DEFENDANT:   Yes, ma'am.

24              THE COURT:   All Defendants have answered in the

25     affirmative.

```
 1        And if the witnesses that you wanted -- if you wanted to
 2   present witnesses on your behalf so your attorney could ask them
 3   questions and they didn't want to come to court to testify, they
 4   could be forced to come.  Do you understand that?
 5             THE DEFENDANT:  Yes, I do understand.
 6             THE DEFENDANT:  Yes.
 7             THE DEFENDANT:  Yes.
 8             THE DEFENDANT:  Yes, ma'am.
 9             THE COURT:  I didn't hear you.
10             THE DEFENDANT:  Yes.
11             THE COURT:  All Defendants have answered in the
12   affirmative.
13        And at a trial you could also testify on your own behalf if
14   you wanted to but you cannot be forced to do so against your
15   wishes.  Do you understand that?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE DEFENDANT:  Yes.
18             THE DEFENDANT:  Yes.
19             THE DEFENDANT:  Yes, ma'am.
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  All Defendants have answered in the
22   affirmative.
23        And if you were to decide not to testify, no one could hold
24   that against you at a trial.  Do you understand that?
25             THE DEFENDANT:  Yes, Your Honor.
```

Captured and Transcribed by Computer - Eclipse

```
 1              THE DEFENDANT:  Yes.

 2              THE DEFENDANT:  Yes.

 3              THE DEFENDANT:  Yes, ma'am.

 4              THE DEFENDANT:  Yes, ma'am.

 5              THE COURT:  All Defendants have answered in the

 6     affirmative.

 7         So by pleading guilty you give up all these rights to a

 8     trial and the rights associated with a trial that I have just

 9     told you about.  Do you understand that?

10              THE DEFENDANT:  Yes, Your Honor.

11              THE DEFENDANT:  Yes.

12              THE DEFENDANT:  Yes.

13              THE DEFENDANT:  Yes, ma'am.

14              THE DEFENDANT:  Yes.

15              THE COURT:  All Defendants have answered in the

16     affirmative.

17         (At this time The Court asked specific questions of the

18         other defendants at which time the following occurred:)

19              THE COURT:  Mr. Pena, I'm going to ask you in Cause

20     No. 00-CR-302, would -- let me see, who will be here --

21     Mr. Esquivel, would you please recite what the witnesses would

22     testify to if called to trial.

23              AUSA ESQUIVEL:  Yes, Your Honor.  I believe Mrs. Zamora

24     is his counsel.  She's over there.

25              AFPD ZAMORA-ZAYAS:  If Your Honor wants me to proceed
```

1    with this, I can go back.

2          THE COURT:  Yeah.

3          AUSA ESQUIVEL:  The facts would show a state search

4    warranted was executed at the residence of Jose Francisco Pena

5    on January 14th, 2000.  The defendant resides in a mobile home

6    that is located in Los Fresnos, Texas.  Among the items found in

7    the Defendant's residence was a New England firearms 410 gauge

8    shotgun, Serial No. NF282415.  The Defendant was convicted on

9    January 13th, 1997 in the 103rd Judicial District Court,

10   Brownsville, Texas, in Cause No. 96-CR-1575D for a felon driving

11   while intoxicated.  The firearm was manufactured outside Texas

12   and before the Defendant possessed the firearm, it had traveled

13   at some time from one state to another.

14         THE COURT:  Mr. Pena, is there anything about that

15   version of testimony that you disagree with?

16         THE DEFENDANT:  No, ma'am.

17         THE COURT:  Anything you wish to add?

18         THE DEFENDANT:  No, ma'am.

19         THE COURT:  Then knowing and understanding the charges

20   in this indictment and having conferred with your attorney and

21   having received her advice and counsel, and knowing the maximum

22   penalty that can be imposed and other consequences of a guilty

23   plea, and knowing of your right to a trial and the rights

24   associated with a trial, and knowing how the sentence will be

25   determined, how do you wish to plead to this indictment, guilty

1   or not guilty?

2           THE DEFENDANT:  Guilty.

3           THE COURT:  Are you pleading guilty freely and

4   voluntarily?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Has anyone exerted any force or pressure on

7   you in order to get you to plead guilty?

8           THE DEFENDANT:  No, ma'am.

9           THE COURT:  Then, am I correct in believing that the

10  reason you're pleading guilty is because what the Government

11  just recited as the evidence is, in fact, true and that's why

12  you're saying you are guilty?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Then, Mrs. Zayas, any questions you wish for

15  me to ask your client?

16          AFPD ZAMORA-ZAYAS:  Nothing further, Judge.

17          THE COURT:  As far as you understand, have I complied

18  with all requirements of Rule 11 for the taking of a guilty

19  plea?

20          AFPD ZAMORA-ZAYAS:  Yes, Your Honor.

21          THE COURT:  Then in Cause No. 00-CR-302, I find that the

22  Defendant, Jose Francisco Pena, is fully competent and capable

23  of entering an informed plea, that he is aware of the nature of

24  the charges and the consequences of his plea and that his plea

25  of guilty is a knowing and voluntary plea supported by an

1    independent basis in fact containing each of the essential

2    elements of the offense charged in this indictment.  Therefore,

3    I find that he is guilty of the offense of being a felon in

4    possession of a firearm as alleged in this indictment.

5        All right.  Sir, you may have a seat.

6        (At this time The Court asked specific questions of the

7        other defendants at which time the following occurred:)

8        THE COURT:  All right then.  The cases that are -- where

9    The Court is ordering a presentence report, that report is

10   ordered prepared by October the 20th with opportunity to object

11   thereafter and a sentencing hearing scheduled for December 11th

12   at 9:00 o'clock.

13       Counsel, those of you with cases that have been concluded

14   may be excused.

15

16

17

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT        *

2

    SOUTHERN DISTRICT OF TEXAS          *

3

4       I, BRECK C. RECORD, Official Court Reporter, United States

5   District Court, Southern District of Texas, do hereby certify

6   that the foregoing is a correct transcript from the record of

7   proceedings in the above-entitled matter.

8       I certify that the transcript fees and format comply with

9   those prescribed by the Court and Judicial Conference of the

10  United States.

11

12  _____5/10/02_____          _____*Breck Record*_____

                               BRECK C. RECORD,
13                             Official Court Reporter
                               United States District Court
14                             Southern District of Texas

15

16

17

18

19

20

21

22

23

24

25

_____

1                    IN THE UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF TEXAS
2                           BROWNSVILLE DIVISION


3      _____
                                       )
4      UNITED STATES OF AMERICA        )
                                       ) CRIMINAL ACTION NO.
5      VS.                             ) B-00-302
                                       )
6      JOSE FRANCISCO PENA             )
       _____)

7


8


9                          SENTENCING PROCEEDINGS
                    BEFORE THE HONORABLE HILDA G. TAGLE
10                          DECEMBER 11, 2000

11     APPEARANCES:

12     For the Government:        MR. MICHAEL RODRIGUEZ
                                  Assistant United States Attorney
13                                Brownsville, Texas

14     For the Defendant:         MRS. SANDRA ZAMORA-ZAYAS
                                  Assistant Federal Public Defender
15                                Brownsville, Texas

16     Transcribed by:           BRECK C. RECORD
                                  Official Court Reporter
17                                600 E. Harrison, Box 16
                                  Brownsville, Texas  78520
18                                (956)548-2510

19

20

21

22

23

24

25

GOVERNMENT
EXHIBIT
"B"

RECEIVED
MAY 10 2002
U.S. ATTORNEYS OFFICE
BROWNSVILLE T...

         Captured and Transcribed by Computer - Eclipse

1          THE COURT:  00-CR-302-01, United States of America

2    versus Jose Francisco Pena.  What says the Government?

3          AUSA RODRIGUEZ:  Michael Rodriguez on behalf of the

4    United States, present and ready.

5          THE COURT:  What says the Defendant?

6          AFPD ZAMORA-ZAYAS:  Sandra Zamora-Zayas on behalf of Mr.

7    Pena.  We do have objections.

8      (At this time other cases were heard at which time the

9        following occurred, to wit:)

10          THE COURT:  Jose Francisco Pena.  Mrs. Zayas, have you

11    reviewed the Presentence Investigation Report with your client?

12          AFPD ZAMORA-ZAYAS:  Yes, I have.

13          THE COURT:  You may address The Court on your

14    objections.

15          AFPD ZAMORA-ZAYAS:  Your Honor, we have basically two

16    objections, Your Honor.  The guideline range calculated starts

17    at Level 24 and I am requesting that Your Honor consider

18    starting it at a level 14.

19      My client has several -- has two DWI felony convictions out

20    of Cameron County.  And as reflected on the PSI, those two prior

21    convictions are being considered crimes of violence justifying

22    the level at 24, the starting level, according to the

23    guidelines.  Part of the probation officer's argument on the

24    addendum, they quoted a case Rutherford versus -- U.S. versus

25    Rutherford, Judge.  And in that case, The Court for the first

Captured and Transcribed by Computer - Eclipse

3

1    time addressed whether they considered a DWI a crime of

2    violence.  And in doing so, in looking at the opinion, Your

3    Honor, they go on to say that in looking at whether the case --

4    the offense is an act of violence, they are to look at all the

5    acts, the facts and the instrument charging the person.  In that

6    case, The Court concluded that the person being charged out off

7    Alabama, the crime of DWI, was considered an act of violence.

8    But the facts in that case, Judge, were that it was a DWI

9    involved in a car accident that injured a person.  And in fact,

10   at the conclusion of the case, The Court goes on to say that a

11   ruling today will not transform all drunk driving convictions

12   into crimes of violence under 4B1.2 because most drunk driving

13   offenses are not punishable by more than one year of

14   imprisonment.  They go on to say, "Thus, only habitual drunk

15   drivers or offenders who seriously injure others in drunk

16   driving accidents will qualify as violent offenders."  I just

17   wanted to point out to The Court that the DWI convictions that

18   my client has out off Cameron County simply involved him being

19   stopped for driving while intoxicated.  There was never an

20   injury to a third party, Judge.

21        THE COURT:  What about the first part about the habitual

22   drunk driver, though?  Tell me how do I resolve that?

23        AFPD ZAMORA-ZAYAS:  Your Honor, it says, "Thus, only

24   habitual drivers or offenders who seriously injure," Judge.

25        THE COURT:  Well, I'm not talking about the second part,

Captured and Transcribed by Computer - Eclipse

1    which is -- I understand there's no serious injury, but what

2    about habitual drunk driver.  How do I reconcile that?

3            AFPD ZAMORA-ZAYAS:  Your Honor, I think the PSI reflects

4    that my client has a serious drinking problem, Judge.  I think

5    that under the circumstances and in looking at the facts of the

6    case quoted, the facts were not that my client injured anybody,

7    Judge, and --

8            THE COURT:  I'm not talking about that.  I understand

9    that.  I'm not evening -- I'm looking at "habitual drunk

10   driving."

11           AFPD ZAMORA-ZAYAS:  Your Honor, I would say to The Court

12   that the PSI does reflect that my client has several convictions

13   for driving while intoxicated.

14           THE COURT:  Five of them.

15           AFPD ZAMORA-ZAYAS:  Yes, Judge.  And it is obvious that

16   he possibly needs some intervention, some help while in custody,

17   which I will be requesting that Your Honor please order.

18       For purposes of my objection, Judge, I just feel that the

19   law may require more than just the person being a habitual

20   driver, that there be some act of injury to a third party and

21   that's based -- that's the basis of my objection, Judge.

22           THE COURT:  Second objection?

23           AFPD ZAMORA-ZAYAS:  Your Honor, the second objection,

24   Judge, is the weapon that was found on the premises.  The facts

25   are that my client dealt, I believe, under two different times

Captured and Transcribed by Computer - Eclipse

1    selling some cocaine to an undercover agent.  During the second

2    offense or the second transaction, they -- the agents had a

3    warrant.  They went and searched the premises and they found a

4    weapon inside a trailer home.  The transactions happened in the

5    shed on the same premises on the grounds, and I'm just urging to

6    The Court that there's no sufficient nexus that that weapon was

7    going to be used in the offense, the actual transaction with the

8    agents in the sale of that cocaine.

9        THE COURT:  Does the Government with to speak on these

10    two issues.

11        AUSA RODRIGUEZ:  We defer to the Probation Department

12    with respect to those two objections.

13        THE COURT:  Okay.  I have a problem with the objection

14    to the DWIs and so that objection is overruled.  I feel like,

15    given his history of DWIs, that there's sufficient evidence for

16    The Court to feel that these are crimes of violence given the

17    period of time which they've been occurring and the fact that

18    there's not been any -- I guess from the period of '92 to the

19    period of -- well, over a 10-year period.  And let me see,

20    he's -- he's completed all the requirements for these two felony

21    DWIs, right?

22        AFPD ZAMORA-ZAYAS:  Yes, Your Honor.

23        THE COURT:  What about the one in '96?  He's on parole

24    right now for that as well?  Isn't there -- Probation?

25        PROBATION OFFICER:  That's correct, Your Honor.  I just

1    spoke with parole yesterday over the telephone -- excuse me,

2    Friday afternoon over the telephone, and found out that he

3    waived his right to a parole hearing and went ahead and they

4    revoked that parole.

5         AFPD ZAMORA-ZAYAS:  Your Honor, if I may on Page 9 of

6    the PSI, Judge, states that the parole board ordered the

7    remainder of the Defendant's parole term to run concurrent to

8    imprisonment term of June 2000 which were the two felony drug

9    convictions which he was assessed 25 years TDC.

10        THE COURT:  Okay.  And then the felon in possession --

11   so, now we've got possession of a firearm by a convicted felon

12   and the question was how close it was to the commission of the

13   sale of the cocaine.  Anything else you wish to add?  I've read

14   the report.

15        PROBATION OFFICER:  Yes, Your Honor.  The nexus the

16   defense attorney was referring to was she was clearly stating

17   that it was not within his reach, not within his possession.

18   However, case law cited early states where the drugs and the

19   weapon were found in the same area, which was on the property,

20   he was charged in that state case with possessing those drugs at

21   the same location that the weapon was in the same actual bedroom

22   on the same property in the same trailer.  It was not on his

23   possession.  Yes, it was clearly across.  The guideline is broad

24   to state that if the Defendant used or possessed any firearm in

25   connection with another felony offense and the connection being

1    the fact that it was just on that property and the fact that it

2    was around the drugs that were used to charge and convict him on

3    the state case being the other felony offense.

4         THE COURT:  Okay.  Show me where it says -- I mean, I

5    remember reading this report, but I just -- the search warrant

6    showed that the marijuana and the cocaine were found in his

7    trailer --

8         PROBATION OFFICER:  Page 2, Paragraph 7, Your Honor,

9    halfway in the paragraph, states that at the time that they had

10   just completed the transaction, displayed a prearranged bust

11   signal and raided the premises.  And within his trailer, his

12   mechanic shop, his vehicle and on his person they found drugs.

13   Also currency.  And then Paragraph 8 goes ahead and describes

14   the recovery of the weapon.

15        THE COURT:  Yeah.  It's too close for comfort for me;

16   so, I'm going to overrule that objection as well.  The fact that

17   there was other items of -- connected with the drug trade found

18   in different bedrooms of the -- or in one of the bedrooms of the

19   trailer home and then this one shotgun happened to be in another

20   bedroom.  To me, that's close enough for it to be one that

21   merits the points assessed.  And so that being the case, The

22   Court overruling the two objections, now, sir, is there anything

23   you wish to say to The Court before your sentenced.

24        THE DEFENDANT:  Just I'm sorry for what I did and if you

25   could please run my sentence concurrent with the state and I

Captured and Transcribed by Computer - Eclipse

1    promise you I'll never step in the courtroom again or the

2    courtroom because I've got a long ways to go.  Serious time.

3              THE COURT:  Okay.  And I'm sorry, was there a plea

4    agreement?

5              AFPD ZAMORA-ZAYAS:  There was, Judge, a plea agreement

6    to the low end.  And I respectfully request that Your Honor

7    consider ordering any known drug rehabilitation for my client

8    while in custody, and for Your Honor to please consider running

9    this sentence concurrent with the state conviction of 25 years.

10             THE COURT:  Okay.  All right then.  Sir, pursuant to the

11   Sentencing Reform Act of 1984, I hereby sentence you to a term

12   of imprisonment of 100 months.  Upon release from

13   imprisonment -- and that sentence is to run concurrent with the

14   state cause numbers.  Upon release from imprisonment, you shall

15   be placed on supervised release for a term of three years.

16   During this period of supervised release, you shall comply with

17   all standard and mandatory conditions of supervised release

18   which shall include that you are not to possess a firearm or

19   other dangerous device and you shall not possess a controlled

20   substance.  And The Court will order that you participate in a

21   program, inpatient or outpatient, for the treatment of drug

22   and/or alcohol addiction, dependency or abuse during this period

23   of supervised release, and you will be required to perform 200

24   hours of community service as approved by the Probation

25   Department to be completed within the first two years of

1    supervised release.

2        Of course, I think that as a practical matter, if the

3    State's going to assess 25 years, I don't know how long that's

4    going to be, but what happens when the -- let's stay the 100

5    months expire and he's still in state custody and supervised

6    release term then cannot be started.

7            PROBATION OFFICER:  His supervised release won't start

8    until he's physically released into the community.

9            THE COURT:  Okay.  The Court will recommend to -- well,

10   okay.  The Court recommends that he received treatment for

11   substance abuse during the period of incarceration and I think

12   he's going to be running this concurrent.  Basically, what's

13   going to happen is does he go to state custody and remains there

14   and we just give him credit or if he is placed in a federal

15   facility and then released to a serve a state sentence.

16           PROBATION OFFICER:  Your Honor, because he was sentenced

17   in state custody first, that's where he'll remain and serve and

18   most likely his federal time will serve out while he's in state

19   custody.

20           THE COURT:  All right.  Sir, again, this sentence is

21   pursuant to the Sentencing Reform Act of 1984 and as

22   justification for this sentence, The Court adopts the findings

23   in the Presentence Report.

24       The law does provide that you have a right to appeal your

25   sentence and you can do so even though you are indigent, but you

1    must give notice of that intention within 10 days.

2        Anything further?

3            AFPD ZAMORA-ZAYAS:  Nothing further, Your Honor.

4            THE COURT:  All right then.  We're in recess.

5            AFPD ZAMORA-ZAYAS:  Thank you.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Captured and Transcribed by Computer - Eclipse

1    UNITED STATES DISTRICT COURT        *

2

3    SOUTHERN DISTRICT OF TEXAS          *

4        I, BRECK C. RECORD, Official Court Reporter, United States

5    District Court, Southern District of Texas, do hereby certify

6    that the foregoing is a correct transcript from the record of

7    proceedings in the above-entitled matter.

8        I certify that the transcript fees and format comply with

9    those prescribed by the Court and Judicial Conference of the

10   United States.

11

12   _5/10/02_                          _Breck Record_____

13                                      BRECK C. RECORD,
                                        Official Court Reporter
                                        United States District Court
14                                      Southern District of Texas

15

16

17

18

19

20

21

22

23

24

25

Captured and Transcribed by Computer - Eclipse

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JOSE FRANCISCO PENA      *
     *
v.      *     CIVIL ACTION No. B-02-008
     *
UNITED STATES OF AMERICA      *
  (CRIMINAL NO. B-00-302)      *

### ORDER

CAME ON to be heard the Motion to Supplement Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment (Opposition Unknown), and after due consideration, this Court finds that said motion should be and is hereby **GRANTED**.

IT IS HEREBY ORDERED THAT the Clerk of the Court supplement the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment with Petitioner's re-arraignment and sentencing transcripts in his criminal case (Criminal No. B-00-302) attached hereto as Government's Exhibits "A" and "B".

SIGNED on this the ___ day of _____, 2002 in Brownsville, Texas.

_____
FELIX RECIO
United States Magistrate Judge