UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUL 16 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE FRANCISCO PENA,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-008 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§ | (Cr. No. B-00-302) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On June 18, 2000, Petitioner Pena was indicted for being a felon in possession of a firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On August 31, 2000, he pleaded guilty. In a written plea agreement, the government recommended that Petitioner be sentenced at the low end of the sentencing guidelines. Pena's guideline base offense was scored at level twenty-four (24).[1] Pursuant to specific offense characteristics,[2] a four (4) level increase was warranted because the possession of the firearm was in connection with another felony offense. A three (3) level downward adjustment for acceptance of responsibility resulted in a total offense level of 25.[3] His criminal history placed Pena in Criminal History Category V.[4]

Petitioner Pena made two objections to the PSR. First, Petitioner asked the court to start the guideline range at a level fourteen (14), rather than level twenty-four (24) because Petitioner

---

[1] 2K2.1 U.S.S.G.

[2] 2K1.3(b)(5)

[3] PSR 21

[4] PSR 35

1

did not think his DWI convictions should have been considered a crime of violence. The court overruled the objection. Second, Petitioner argued that there was not a sufficient nexus between the weapon found on Petitioner's property and the actual sale of narcotics to warrant the felony in possession of a firearm charge. The court also overruled that objection. Petitioner did not raise either of these two issues in his 28 U.S.C. §2255.

On December 11, 2000, at sentencing, the district court denied Petitioner's objections, adopted the PSR as written, and sentenced Pena to one hundred (100) months, no fine, a three-year (3) term of supervised release and a $100.00 mandatory special assessment. The judgment was entered January 10, 2001 (DOC 24). Petitioner did not file a Notice of Appeal. On January 14, 2002, Petitioner Pena filed this timely 28 U.S.C. §2255.

Petitioner Pena now seeks post-conviction relief under 28 U.S.C. §2255, and raises the following issues:

1. Whether Petitioner's counsel provided constitutionally "ineffective assistance" by doing no more than objecting to the court's "refusal" to honor the plea agreement.

2. Whether Petitioner's plea of guilty should be rendered "involuntary," as his 100-month sentence exceeded the 60 months he had been promised pre-plea.

3. Whether Petitioner's conviction violated the "double jeopardy" clause of the constitution as it represents the second prosecution arising from the same arrest and was improperly "enhanced" by application of his criminal history of DWIs.

Although Petitioner does not raise the elevated starting Guideline level as an issue, this court would like to address the following issue:

Whether Petitioner should have been started at Guideline level fourteen (14), instead of

level twenty-four (24), as Petitioner's prior felony DWI convictions are no longer considered a crime of violence by the Fifth Circuit Court of Appeals.

## ANALYSIS

### Issues Raised by Petitioner in 28 U.S.C. §2255 Petition

Petitioner Pena does not provide any authority or any facts to support his allegations. All arguments Petitioner set forth for his three issues have no basis in fact and are unsupported by the record. According to the record, counsel representing Petitioner made reasonable efforts and was not ineffective. Petitioner was not promised a 60-month sentence and the written plea agreement along with the colloquy utilized support that conclusion. The double jeopardy allegations were entirely unfounded.

### Starting Guideline Level Based on Previous Felony DWI Convictions

The Court, in reviewing the record, noted that Petitioner's counsel objected to the PSI that recommended the Guideline range start at level twenty-four (24). Counsel argued that the two felony DWI convictions should not be considered crimes of violence and should not be used to enhance Petitioner Pena's sentence. The district court overruled the objection, stating that the Petitioner's history of DWIs made him a habitual drunk driver and such status would qualify Petitioner as a violent offender.[5] Petitioner, in his §2255, argued that the district court's decision to overrule this objection was a double jeopardy violation. The Government responded that the assessment of criminal history points, and the result of an increased sentence, did not violate the double jeopardy clause.[6] However, this court finds that the objection does raise relevant legal

---

[5] See United States v. Rutherford, 54 F.3d 370 (7th Cir. 1995).

[6] Government's Answer at 13.

3

issues under the auspices of a recent Fifth Circuit ruling, United States v. Chapa-Garza.[7]

A.  **Retroactivity of *United States v. Chapa-Garza***

The Fifth Circuit failed to rule whether the decision in *Chapa-Garza* was to be applied retroactively to past defendants sentenced under the old rule of law.[8] In order to determine whether the *Chapa-Garza* decision should be applied to Petitioner, it becomes important to evaluate precedence from the Supreme Court and the Fifth Circuit on the issue of retroactivity. Additionally, a brief review of the Supreme Court case of *Teague v. Lane*[9] will be necessary for a complete review of the issue.

Federal courts are ordinarily barred from applying new constitutional rules of criminal procedure retroactively on collateral review.[10] Absent compelling reasons to the contrary, a federal court should apply the holding in *Teague*.[11] According to *Teague*, a "new rule" is one which was not promulgated by precedent existing at the time the defendant's conviction became

---

[7] United States v. Chapa-Garza, 243 F.3d 921, 927, 928 (5th Cir. 2001).

[8] See Gryger v. Burke, 334 U.S. at 732 (1948).

[9] Teague v. Lane, 489 U.S. 288 (1989).

[10] See Caspari v. Bohlen, 510 U.S. 383, 389-90 (1994); Teague v. Lane, 489 U.S. 288, 310 (1989); Jackson v. Johnson, 217 F.3d 360, 361 (5th Cir. 2000); Murphy v. Johnson, 205 F.3d 809, 817 (5th Cir. 2000), cert. denied, 531 U.S. 957 (2000); Matthew v. Johnson, 201 F.3d 353, 359 (5th Cir. 2000), cert. denied, 531 U.S. 830 (2000); Johnson v. Puckett, 176 F.3d 809, 819 (5th Cir. 1999); Vega v. Johnson, 149 F.3d 354, 357 (5th Cir. 1998), cert. denied, 525 U.S. 1119 (1999); Johnson v. Scott, 68 F.3d 106, 111 n.10 (5th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Lackey v. Scott, 52 F.3d 98, 100 (5th Cir. 1995), stay granted and cert. dism'd, 514 U.S. 1093 (1995); Davis v. Scott, 51 F.3d 457, 466-67 (5th Cir. 1995), cert. denied, 516 U.S. 992 (1995); Mann v. Scott, 41 F.3d 968, 976 (5th Cir. 1994), cert. denied, 514 U.S. 1117 (1995); Crank v. Collins, 19 F.3d 172, 175 (5th Cir. 1994), cert. denied, 512 U.S. 1214 (1994); and Motley v. Collins, 18 F.3d 1223, 1230 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[11] See Jackson v. Johnson, 217 F. 3d 360, 361-63.

final.[12] The non-retroactive doctrine of *Teague* additionally applies to an avant-garde application of a preempted rule.[13]

However, there are two exceptions to the *Teague* non-retroactivity doctrine: (1) new rules prohibiting criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense and (2) "watershed" rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, i.e., a small core of rules requiring the observance of those procedures which are implicit in the concept of ordered liberty.[14] Petitioner meets the definition of the second portion of number one, in that the new rule in *Chapa-Garza* finds that a felony DWI is no longer to be considered a crime of violence.[15] For this reason, it appears that *Chapa-Garza* should apply retroactively to the Petitioner in this situation.

---

[12] See O'Dell v. Netherland, 521 U.S. 151, 156 (1997) (holding that a "new rule" either "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "dictated by precedent existing at the time the defendant's conviction became final"); Caspari v. Johnson, 510 U.S. at 390; Murphy v. Johnson, 205 F.3d at 817; Truman v. Johnson, 205 F.3d 844, 846 (5th Cir. 2000), cert. denied, 530 U.S. 1219 (2000); Vega v. Johnson, 149 F.3d at 357; Lucas v. Johnson, 132 F.3d 1069, 1080-81 n.7 (5th Cir. 1998), cert. dism'd, 524 U.S. 965 (1998); White v. Johnson, 79 F.3d 432, 437-38 (5th Cir. 1996), cert. denied, 519 U.S. 911 (1996); Davis v. Scott, 51 F.3d at 459-60; Mann v. Scott, 41 F.3d at 976; Crank v. Collins, 19 F.3d at 175; and Motley v. Collins, 18 F.3d at 1230.

[13] See Stringer v. Black, 503 U.S. 222, 227-29 (1992); Butler v. McKellar, 494 U.S. 407, 414-15 (1990); West v. Johnson, 92 F.3d 1385, 1399 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997); and Lackey v. Scott, 52 F.3d 98, 100 (5th Cir. 1995).

[14] See O'Dell v. Netherland, 521 U.S. at 157; Graham v. Collins, 506 U.S. 461, 478 (1993); Jackson v. Johnson, 217 F.3d at 364; Murphy v. Johnson, 205 F.3d at 817-18; Truman v. Johnson, 205 F.3d at 846; Matthew v. Johnson, 201 F.3d at 369; Muniz v. Johnson, 132 F.3d 214, 225 (5th Cir. 1998), cert. denied, 523 U.S. 1113 (1998); and Brown v. Cain, 104 F.3d 744, 752 (5th Cir. 1997), cert. denied, 520 U.S. 1195 (1997).

[15] See Chapa-Garza, 243 F.3d at 927. Additionally, it may be noted that in In re Olivares, 23 I. & N. Dec. 148 (BIA 2001), the Board of Immigration Appeals has resolved to no longer remove from the Fifth Circuit those convicted of felony DWI.

**B.     Possible Procedural Bars**

Generally speaking, Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.[16] A movant seeking collateral review of his conviction waives any jurisdictional or constitutional issue if he does not first raise the matter on direct review.[17] However, Section 2255 relief has historically been available for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice.[18] Additionally, if a movant can show cause for the default and actual prejudice as a result, then they can overcome the procedural bar on a collateral attack.[19]   Therefore, the two ways in which a petitioner can obtain Section 2255 relief without raising the issue on direct appeal are: (1) demonstrating that if the

---

[16] See United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996); United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995); United States v. Faubion, 19 F.3d 226, 232 (5th Cir. 1994); United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied, 504 U.S. 962 (1992); and 28 U.S.C. § 2255.

[17] See United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

[18] See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998); United States v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996); United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996); United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995); United States v. Acklen, 47 F.3d 739, 741 (5th Cir. 1995); United States v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995); United States v. Patten, 40 F.3d 774, 776 (5th Cir. 1994), cert. denied, 515 U.S. 1132 (1995); United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994); United States v. Smith, 32 F.3d 194, 196 (5th Cir. 1994); United States v. Towe, 26 F.3d 614, 616 (5th Cir. 1994); United States v. Faubion, 19 F.3d at 233; United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992), cert. denied, 506 U.S. 1007 (1992); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Weintraub, 871 F.2d 1257, 1266 (5th Cir. 1989); United States v. Smith, 844 F.2d 203, 205-06 (5th Cir. 1988); and United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

[19] Id.

claim is not undertaken, it would result in a complete miscarriage of justice, and (2) showing cause for the forfeiture on direct appeal, and actual prejudice as a consequence of the default.

### C.   Applying the Law to Pena

The Fifth Circuit issued the *Chapa-Garza* opinion on March 1, 2001,[20] and the District court entered the judgment on Petitioner Pena's case on January 10, 2001. Thus, it was impossible for Petitioner to make a *Chapa-Garza* argument on direct appeal. Due to the fact that the Fifth Circuit rendered its opinion in *Chapa-Garza* after the district court entered judgment, Petitioner can show cause for not raising the issue on direct appeal.

Although Petitioner objected to the PSI, specifically the Guideline level, the District court overruled the objection based upon a finding in the PSI, stating that the two felony DWI convictions should be considered crimes of violence based upon *United States v. Rutherford*.[21] Petitioner's attorney argued that the law seemed to require an act of injury to a third party, not just habitual drunken driving.[22] The district court found that, due to the high number of DWIs in a short time period, Petitioner was a habitual drunk driver and that was enough to qualify the previous felony DWIs as crimes of violence.

Subsequent to Pena's conviction, the Fifth Circuit ruled in *United States v. Chapa-Garza*, that felony DWI convictions are not to be considered crimes of violence as defined by 18 U.S.C.

---

[20] See United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001).

[21] United States v. Rutherford, 54 F.3d 370 (7th Cir. 1995).

[22] Transcript Sent. at 4.

§16(b),[23] thereby creating a precedent which essentially overruled *Camacho-Marroquin v. INS*,[24] the previous precedent which held that felony DWI was a crime of violence.[25] The *Chapa-Garza* decision was handed down by the Fifth Circuit on March 13, 2001.[26] Under the new rule, it is possible that Petitioner Pena's sentence would be greatly reduced. Petitioner is entitled to relief on the issue on collateral review because a failure to do so would result in a miscarriage of justice.

## RECOMMENDATION

By not granting relief to Petitioner's claim, the court would be contributing to a miscarriage of justice in this case. The Fifth Circuit has clearly decided the law on the issue of felony DWI as it relates to violent crimes. This is further evidenced by the fact that the Fifth circuit recently denied a petition for rehearing en banc in the *Chapa-Garza* case.[27] The new law with regard to sentencing should be applied to Petitioner Pena accordingly. Due to the change in law regarding DWIs as violent crimes, a Bench Warrant should issue for the Petitioner, and he should be re-sentenced.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[23] See United States v. Chapa-Garza, 243 F.3d 921, 927, 928 (5th Cir. 2001).

[24] See United States v. Chapa-Garza, 243 F.3d 921, 927, 928 (5th Cir. 2001).

[25] See Camacho-Marroquin v. Immigration and Naturalization Service, 188 F.3d 649, 652 (5th Cir. 1999), withdrawn 222 F.3d 1040 (5th Cir. 2000).

[26] Chapa-Garza, 243 F.3d 921.

[27] See United States v. Chapa-Garza, Nos. 99-51199, 00-50049, 00-50051, 00-50107, and 00-50239, 2001 U.S. App. LEXIS 5088, at *1-2 (5th Cir. Aug. 20, 2001)

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the objected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[28]

DONE at Brownsville, Texas this 15th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[28] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996)